UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAWSON ALGEE,

    Plaintiff,

  v.

CHASE CARD FUNDING, LLC,

    Defendant.

Case No. 3:23-cv-03677-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on a Motion to Dismiss for Failure to State a Claim. (Doc. 16). The Defendant filed their motion on March 18, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **GRANTS** the motion, (Doc. 16), and **DISMISSES** this case **with prejudice**.

    The Plaintiff filed this lawsuit on November 14, 2023. (Doc. 3). In it, he alleges that the Defendant denied him access to "securities owed to him despite a proper application including a tender of payment and a security collateral." (*Id.*). The Plaintiff's complaint and response to the Defendant's motion for dismissal is full of legal jargon that make his claims difficult to understand. The Plaintiff offered to provide a more definitive statement at the Court's discretion. (Doc. 20). The Court ordered the Plaintiff to respond with that more definitive statement. However, over ninety days after the deadline to respond expired, the Plaintiff has still failed to file a more definitive statement. Thus, the Court will base its ruling on the intelligible portions of the Plaintiff's response.

    In the motion to dismiss, the Defendants point out that, for there to be a cognizable claim here, the Plaintiff must allege a prima facie case of breach of contract or a breach of fiduciary

duty. In his response, the Plaintiff states that he "was denied immediately [and] therefore[,] there was no further contact between the two parties until [he] outreached by mail. For this reason, there were no terms and conditions or a contract that was written and agreed to at the time of denial." (Doc. 20). The Plaintiff admits, in his own words, that no contract existed between the Defendant and himself.

Despite no written contract, the Plaintiff attempts to invoke the Defendant's "indenture agreement filed with the Security Exchange Commission.'" (*Id.*). He claims that by applying for the Defendant's services, i.e., a loan, that it created a contract and a fiduciary relationship. The Plaintiff is mistaken.

For one, the Plaintiff attempts to use an indenture agreement as the contractual basis for his claims; but the Plaintiff does not provide the indenture agreement. An indenture agreement binds the parties subject to it; the Plaintiff has not presented evidence that he is either a party of a specific indenture agreement nor has he presented evidence that he is in privity with the Defendant. Given indenture agreements are made between institutions, the Court finds the idea of the Defendant, a large financial institution, entering into an indenture agreement with the Plaintiff to be highly unlikely. Regardless, absent that agreement, the Court cannot evaluate it.

Additionally, while the Plaintiff provides few factual details, in his initial complaint, the Plaintiff states that "[o]n June 23rd, 2023, the plaintiff applied for a line of credit (open end credit plan) with the defendant and was denied access to the securities owed to him despite a proper application including a tender of payment a security collateral." (Doc. 1). The Plaintiff is not entitled to the Defendant's services as a matter of right. The Plaintiff solicited a contract or some kind of agreement, but the Defendant declined his application. The Defendant owes no fiduciary duty to him nor did that denial create a contract between the Defendant and the

Plaintiff. Even if the Plaintiff paid a fee for the review of his application, that does not entitle him to the Defendant's services.

In short, there was no contract, there was no fiduciary duty, the Defendant does not have any of the Plaintiff's securities, nor does the Defendant owe the Plaintiff any security or interest. Without a contract, absent any fiduciary duty, the Plaintiff has failed to establish a viable claim for relief. While the Plaintiff claims that he was discriminated against under the Equal Credit Opportunity Act, he does not allege a prima facie case of discrimination and he has not clarified the details of his complaint, despite ample opportunity.

## **CONCLUSION**

Finding that the Plaintiff has failed to plead a plausible claim for relief, and the Plaintiff has either refuted their own claims or failed to plead sufficient additional information, the Court hereby **GRANTS** the Defendant's motion to dismiss, (Doc. 16), and hereby **DISMISSES** this case **with prejudice**. The Court **DIRECTS** the Clerk's Office to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  October 23, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**